IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Katrina Thacker, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2860 |
| Cavalry Portfolio Services, LLC, a Delaware limited liability company, and National Action Financial Services, Inc., a Georgia corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Katrina Thacker, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Katrina Thacker ("Thacker"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for an HSBC credit card, which was then allegedly owed to a bad debt buyer, Cavalry Portfolio Services, despite the fact that she was represented by the legal aid attorneys

at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Cavalry operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, National Action Financial Services, Inc. ("NAFS"), is a Georgia corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. NAFS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NAFS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant NAFS.

7. Defendants Cavalry and NAFS are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>,

records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Cavalry and NAFS each conduct extensive and substantial business in Illinois.

8. Defendants Cavalry and NAFS are both licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Cavalry and NAFS each act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Thacker is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed originally for an HSBC account. At some point in time, Defendant Cavalry bought Ms. Thacker's HSBC debt, and when Cavalry began trying to collect the HSBC debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, Defendant Cavalry hired another debt collector, J.C. Christensen and Associates ("JCC"), to demand payment of the HSBC debt from Ms. Thacker. Accordingly, on January 24, 2012, one of Ms. Thacker's attorneys at LASPD informed Defendant Cavalry, through its agent, JCC, that Ms. Thacker was represented by counsel, and directed Cavalry to cease contacting her, and to cease all further collection activities because Ms. Thacker was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmations are attached as Exhibit C.

11. Undeterred, Defendant Cavalry then had Defendant NAFS send Ms. Thacker a collection letter, dated March 6, 2012, which demanded payment of the

HSBC debt. A copy of this collection letter is attached as Exhibit D.

12. Accordingly, on March 21, 2012, Ms. Thacker's LASPD attorney sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Thacker's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Thacker was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Thacker was represented by counsel, and had directed a cessation of communications with Ms. Thacker (Exhibit C). By directly sending a collection letter to Ms. Thacker (Exhibit D), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Katrina Thacker, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Thacker, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Katrina Thacker, demands trial by jury.

                                                                           Katrina Thacker,

                                                                           By: /s/ David J. Philipps  
                                                                           One of Plaintiff's Attorneys

Dated: April 17, 2012

David J. Philipps     (Ill. Bar No. 06196285)  
Mary E. Philipps     (Ill. Bar No. 06197113)  
Philipps & Philipps, Ltd.  
9760 S. Roberts Road  
Suite One  
Palos Hills, Illinois 60465  
(708) 974-2900  
(708) 974-2907 (FAX)  
davephilipps@aol.com  
mephilipps@aol.com